UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN ASHCRAFT, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:23-cv-00298-JPH-MG |
| GEO GROUP, SEIVER, FRENCH, LUNSFORD, GILBERT, | ) |
|       Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff John Ashcraft is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He alleges in this civil action that the defendants violated his constitutional rights while he was incarcerated at New Castle Correctional Facility (New Castle). Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names five defendants—the GEO Group, Warden Seiver, Deputy Assistant Warden French, Captain Lunsford, and Sgt. Gilbert—and makes the following allegations. Mr. Ashcraft was the victim of extortion by gang members while he was housed in New Castle's Annex Building. Shortly after being moved to restricted housing, Mr. Ashcraft requested protection, but Assistant Warden French denied his request. Mr. Ashcraft was reassigned several times to Pod 0-4, but he refused each time because he feared gang members there would follow through on their threats. Each time he refused the housing assignment, Sgt. Gilbert wrote a conduct report against Mr. Ashcraft. Sgt. Gilbert said he had been instructed by Assistant Warden French to only assign Mr. Ashcraft to Pod 0-4 and to write a conduct report against him each time he refused. Assistant Warden French did this in retaliation against Mr. Ashcraft because she is connected to the family of his victim. Sgt. Gilbert also asked gang members to kill Mr. Ashcraft in exchange for drugs.

On April 22, 2022, Mr. Ashcraft suffered a dislocated knee. Sgt. Gilbert refused to call for medical assistance. After Mr. Ashcraft submitted a request for health care, Captain Lunsford came to the unit and told an active security-threat group member that Mr. Ashcraft was telling on everyone. He did this in retaliation for Mr. Ashcraft's crime.

The ongoing retaliatory acts by Assistant Warden French, Sgt. Gilbert, and Captain Lunsford caused Mr. Ashcraft to suffer anxiety, depression, and emotional distress that culminated in acts of self-harm.

The GEO Group maintains a policy of turning a blind eye to the misconduct of its employees. Warden Seiver, as the person in charge of the facility, must know about his staff's misconduct. Mr. Ashcraft seeks money damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims of retaliation are **dismissed** for failure to state a claim. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Mr. Ashcraft alleges that defendants French, Gilbert,

and Lunsford retaliated against him because they were connected to the family of his victim. He does not allege that their retaliation was motivated by any First Amendment activity on his part.

Second, all claims against Warden Seiver are **dismissed** for failure to state a claim. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Mr. Ashcraft only alleges that Warden Seiver must know about the acts of the other defendants, but there is no supervisory liability under § 1983. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (wardens are not liable under § 1983 merely by virtue of their supervisory positions).

The following claims shall proceed:

- Eighth Amendment claims against defendants French, Gilbert, and Lunsford for encouraging gang members to attack Mr. Ashcraft, refusing to place him a safe housing unit, and refusing him access to medical care leading him to suffer severe anxiety, depression, and episodes of self-harm.

- Policy and practice claim against the GEO Group for maintaining a practice of allowing its employees to violate inmates' constitutional rights.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that

additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 19, 2023,** in which to identify those claims.

The **clerk is directed** to terminate Warden Seiver as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants French, Gilbert, Lunsford, and the GEO Group in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN ASHCRAFT
956487
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

GEO GROUP
100 Van Nuys Rd.
New Castle, IN 47362

Assistant Warden French
100 Van Nuys Rd.
New Castle, IN 47362

Sgt. Gilbert
100 Van Nuys Rd.
New Castle, IN 47362

Captain Lunsford
100 Van Nuys Rd.
New Castle, IN 47362


Courtesy Copy to:
ADAM GARTH FORREST
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374