UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN ASHCRAFT, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:23-cv-00298-JPH-MG |
| GEO GROUP, FRENCH, LUNSFORD, GILBERT, | ) |
|       Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff has filed a motion for assistance recruiting counsel. Dkt. 4. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy,

2

communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff's motion states that he received a GED but has difficulty understanding what he reads. He suffers from major depression, anxiety, and other mental health issues. He alleges in this action that the defendants encouraged gang members to attack him, refused to place him a safe housing unit, and refused him access to medical care leading him to suffer severe anxiety, depression, and episodes of self-harm. Plaintiff has personal knowledge of the facts underlying his claims and has made appropriate and coherent filings in the case so far.

Mental illness, while relevant to the Court's inquiry, does not create a legal entitlement to the appointment of counsel. *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021). Although the Court may consider the merit of a plaintiff's claim when assessing whether to recruit counsel, the Court does not do so

3

in this case because defendants have not answered the complaint. *Watts*, 42 F.4th at 766 ("It is essential that district courts remain mindful, especially at the early stages of a case, that their evaluation of the plaintiff's claim is being made on uncounseled papers.").

The Court finds that Plaintiff is competent to litigate at this early stage. If his limitations make it difficult for him to comply with court deadlines, he may file a motion for extension of time. For now, his motion for assistance with recruiting counsel, dkt. [4], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 9/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
JOHN ASHCRAFT
956487
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only